## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHREESIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>LUMA HEALTH, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

**COMPLAINT FOR FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a), AND DELAWARE'S UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 DEL. C. § 2532**

Plaintiff, Phreesia, Inc. ("Plaintiff"), by and through its attorneys, brings this Complaint against Defendant, Luma Health, Inc. ("Defendant"), for false advertising under 15 U.S.C. § 1125(a) and deceptive trade practices under 6 Del. C. § 2532, and alleges as follows:

### NATURE OF ACTION

1. This is an action for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and deceptive trade practices under Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532, arising from Defendant's false and misleading comparative advertising campaign that disparages Plaintiff and Plaintiff's products and services, and misleads consumers about the nature, attributes, functions, and quality of Defendant's products and services.

2. Plaintiff and Defendant are direct competitors. With the purpose of gaining unfair competitive advantage over Plaintiff, Defendant has knowingly published false and misleading comparisons of its products and services to Plaintiff's products and products, as further described herein, with the purpose of gaining unfair commercial advantage over Plaintiff. The claims that

11426527 v1

Defendant makes about Plaintiff's products and services and the capabilities Defendant's products and services versus Plaintiff's products and services are verifiably false.

3. Plaintiff brought Defendant's false advertising and deceptive trade practices to Defendant's attention and otherwise tried to resolve this dispute amicably, but Defendant has not responded to Plaintiff's communications or otherwise ceased the false advertising. Defendant's false advertising continues and is causing irreparable harm to Plaintiff and its reputation.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over the trademark claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*., as amended, and as is hereinafter more fully described. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

5. This court has personal jurisdiction over Defendant because Defendant is a Delaware corporation that is organized under the laws of the State of Delaware. Defendant resides in Delaware and has personally availed itself of the privileges and benefits of conducting business in the State of Delaware and the District of Delaware. Consequently, Defendant should have reasonably believed that it would be subject to personal jurisdiction in Delaware and anticipate being haled into Delaware to defend under this forum's law.

## PARTIES

6. Plaintiff, Phreesia, Inc., is a corporation organized and existing under the laws of Delaware, with its business address of 1521 Concord Pike, Suite 301, PMB 221, Wilmington, DE 19803.

7. Defendant, Luma Health, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 101 Montgomery Street, Suite 550, San Francisco, CA 94104.

## BACKGROUND FACTS

### Plaintiff and Its Business

8. Plaintiff is a provider of software-as-a-service ("Saas") solutions to healthcare organizations and is a leader in patient activation, giving providers, life sciences companies, and other healthcare organizations tools to help patients take a more active role in their care. Founded in 2005, Plaintiff offers patient-driven digital solutions for patient intake, outreach, and education. Phreesia enhances the patient experience, drives efficiency, and improves healthcare outcomes.

9. Phreesia was founded by its Chief Executive Officer, Chaim Indig, and its Chief Operating Officer, Evan Roberts. On July 18, 2019, Phreesia completed its initial public offering and is listed under the symbol PHR on the New York Stock Exchange. Phreesia currently employs approximately 2300 people across the United States, Canada, and India.

10. Among Plaintiff's key product offerings is a suite of applications that allow healthcare organizations to manage the patient intake process, including mobile registration. Mobile check-in allows patients to complete pre-visit registration from their own devices (any smartphone, computer or tablet) ahead of time and in the privacy of their own homes. Plaintiff's platform helps provider healthcare organizations automate the patient outreach and intake process, including operational services such as self-service registration, self-scheduling, insurance verification and patient payments, clinical screenings such as patient-reported outcomes (PROs) and social determinants of health (SDOH), and tools to engage patients and improve outcomes.

Phreesia also has the exclusive worldwide license for the Patient Activation Measure® (PAM®), which is widely viewed as the gold standard for measuring a patient's knowledge, skills and confidence to manage their own care.

11. Plaintiff is a leader in its field, evidenced by Plaintiff winning numerous awards. For example, for four years in a row, and based upon direct feedback from provider organizations, Plaintiff was named "Best in KLAS for Patient Intake Management" by the research and insights firm KLAS. In its annual report entitled "2022 Best in KLAS: Software and Services," KLAS recognized the healthcare IT and services companies who excel in helping healthcare professionals improve patient care. In early 2024, Plaintiff was selected by *Modern Healthcare* as one of the "2024 Best Places to Work in Healthcare." This is the eighth time Plaintiff was named to the list.

### Defendant and Its Business

12. Defendant is a direct competitor of Plaintiff, engaged in the business of providing software solutions to assist healthcare organizations with patient intake and engagement. Founded in 2015, Defendant describes its business as follows in its press materials:

> Luma was founded on the idea that healthcare should work better for all patients. Instead of a disconnected experience, where patients are forced to be their own healthcare advocates and provider teams struggle to reach their patients, every point along the care journey should be simple, seamless, and effective. Luma's Patient Success Platform empowers patients and providers to be successful by connecting and orchestrating all the steps in the patient journey, along with all the operational workflows and processes in the healthcare ecosystem.

### Defendant's Deceptive and False Advertising Campaign

13. In early September, 2024, in connection with presenting its own products and services to a large hospital system, Phreesia became aware that Defendant's sales personnel had

distributed a chart to the same hospital system purporting to compare the capabilities of Defendant's software platform to Plaintiff's competing platform. In connection with these discussions, a representative of the hospital system shared the chart that Defendant's salesperson had shared with the hospital system by email, which is reproduced below:



14. This purported comparison of Plaintiff's and Defendant's product capabilities is wholly false, inaccurate, and misleading. In fact, as shown in the specification sheets attached as **Exhibit A** to this Complaint that accurately describe Plaintiff's platform, Plaintiff's software solutions provide <u>all</u> of the identified features other than the "Rules Based Chat Bot." As a result, while Defendant falsely identifies 8 of the listed 15 features as being unavailable on Plaintiff's platform, Plaintiff's platform actually features **14** of the 15 listed features.

15. As a result of Defendant's false statements, Defendant's advertisements falsely suggest that its products are superior to Plaintiff's products because Defendant alleges that its platform has features that are not available on Plaintiff's platform, when this claim is provably

5

false. Defendant's misrepresentations and omissions concerning Plaintiff's products are likely to materially mislead healthcare service providers and result in Phreesia's loss of business and Defendant's unjust gain.

16. Defendant's false and misleading advertisements are likely to deceive and have deceived healthcare service providers into believing that Defendant's products are superior to Plaintiff's, thereby causing damage to Plaintiff's goodwill, reputation, and sales, and which have likely allowed Defendant to obtain unfair competitive advantage and profit.

### Plaintiff's Attempts to Resolve This Dispute and Defendant's Continued Deceptive False Advertising

17. Plaintiff has attempted to resolve this dispute without having to resort to litigation, but Defendant has ignored Plaintiff's efforts.

18. On September 16, 2024, Plaintiff sent a letter to Defendant's Chief Executive Officer, Adnan Iqbal, objecting to Defendant's comparison of its products to Plaintiff's products, as noted *supra*. Plaintiff demanded that Defendant immediately "withdraw from circulation and destroy any promotional materials containing false and misleading information regarding Phreesia, including the aforementioned comparison chart," that Defendant "immediately distribute to any third parties who received the above image (or similarly false, inaccurate, and/or misleading materials regarding Phreesia products) a corrective statement that Phreesia's product capabilities were falsely represented by Luma and providing an accurate comparison of Phreesia's true product capabilities," and that Defendant "correct any written materials it may use in the future to ensure they accurately describe Phreesia products." Plaintiff asked for a response from Defendant by September 27, 2024. *See* **Exhibit B**, a copy of the letter.

11426527 v1

19. Defendant did not respond to Plaintiff's letter of September 16, 2024, so Plaintiff sent a follow-up email to Defendant on September 30, 2024. Again, Defendant did not respond and has not responded as of the date of the filing of this Complaint. *See* **Exhibit C**, a copy of the email.

20. While Defendant did not respond to Plaintiff's communications described above, it is apparent that Defendant is well aware of Plaintiff's concerns. On September 25, 2024, Defendant's co-founder and Chief Technology Officer, Aditya Bansod, approached Plaintiff's trade show booth at the Meditech Live Conference in Foxborough, Massachusetts. Mr. Bansod did not identify himself or engage with anyone at Plaintiff's booth, but took a photograph of Plaintiff's software platform dashboard that was on display and walked away.

**COUNT I: FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

21. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

22. Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the following:

a) Civil action

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> . . . .
>
>> (B) **in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,**

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

(emphasis added).

23. Defendant's false and misleading advertising campaign constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's false and misleading statements misrepresent the nature, characteristics, functions, and qualities of Plaintiff's products, and such statements are likely to deceive consumers and influence purchasing decisions.

25. Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff's business, including loss of sales, harm to its reputation, and diminished goodwill.

26. Plaintiff has no adequate remedy at law to compensate for the harm suffered as a result of Defendant's conduct, and thus seeks injunctive relief, as well as damages, costs, and attorney's fees.

### COUNT II: UNFAIR COMPETITION IN VIOLATION OF THE DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT

27. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

28. Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532, prohibits deceptive trade practices, including, but not limited to when an individual or company: "(4) Uses deceptive representations or designations of geographic origin in connection with goods or services" . . . " or (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

29. Defendant, in connection with the marketing, promotion, and sale of its services, has engaged in false advertising and deceptive trade practices in violation of Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532.

30. Defendant, through its advertising and promotional materials, has made false, misleading, and deceptive representations about the nature, characteristics, function, and quality of Plaintiff's products/services to consumers in Delaware and other jurisdictions.

31. Defendant's misrepresentations were made intentionally and knowingly by Defendant, with the intent to mislead consumers into purchasing Defendant's products/services under false pretenses.

32. As a result of Defendant's false advertising, Plaintiff and consumers in Delaware have been misled and deceived, causing them harm, including but not limited to financial losses and purchasing decisions based on false information.

33. Defendant's false advertising practices are likely to mislead a reasonable consumer and have a tendency to deceive the public.

34. Defendant's conduct, as alleged above, constitutes a violation of Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532.

35. Plaintiff has no adequate remedy at law to compensate for the harm suffered as a result of Defendant's conduct, and thus seeks injunctive relief, as well as damages, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. An order preliminarily and permanently enjoining Defendant, its agents, representatives, employees, and all others acting in concert with them, from continuing to disseminate false and misleading advertising about Plaintiff's products and/or services.

B. An order directing Defendant its agents, representatives, employees, and all others acting in concert with them to issue corrective advertising concerning the false statement made concerning Plaintiff's products and/or services.

C. An award of damages sustained by Plaintiff as a result of Defendant's false advertising, including corrective advertising costs, lost profits, and any other damages deemed just and proper.

D. An award of Defendant's profits derived from its false advertising, pursuant to 15 U.S.C. § 1117(a).

E. An award of attorneys' fees and costs incurred in this action, as allowed by the Lanham Act and Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532

F. Any other relief this Court deems just and appropriate.

Dated: October 18, 2024

**FLASTER GREENBERG P.C.**

By: Damien Nicholas Tancredi (DE No. 5395)

221 W. 10th Street, 4th Floor
Wilmington, DE 19801
Telephone: (215) 587-5675
Facsimile: (302) 351-1919

11426527 v1

Damien.tancredi@flastergreenberg.com

and

**FLASTER GREENBERG, P.C.**
Jordan LaVine (*pro hac vice* forthcoming)
Eric Clendening (*pro hac vice* forthcoming)
Laura Lipschutz (*pro hac vice* forthcoming)
1717 Arch Street, Suite 3300
Philadelphia, PA 19103

11426527 v1