**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHREESIA, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUMA HEALTH, INC., ) <br> ) <br> Defendant. ) | C.A. No. 24-1168-JLH-CJB <br><br> **JURY TRIAL DEMANDED** |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM DAVID E. MOORE**

OF COUNSEL:

Ryan Marton
Phillip Haack
Songmee Connolly
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: (415) 360-2515


Dated: August 5, 2025
12395769 / 24585.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Tyler C. Cragg (#6398)
Andrew M. Moshos (#6685)
Malisa C. Dang (#7187)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
tcragg@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

*Attorneys for Defendant Luma Health, Inc.*

Dear Judge Burke,

      Defendant Luma Health, Inc. ("Luma") respectfully submits this letter brief in accordance with the Court's July 28, 2025 Oral Order (D.I. 46) on the parties' Joint Motion for Teleconference to Resolve Protective Order Dispute (D.I. 44). In accordance with Section 6.g.viii of the Court's Scheduling Order (D.I. 21), a copy of the draft protective order ("PO") most recently exchanged by the parties and acceptable to Luma is also attached as **Exhibit 1**, with the disputed language (Section 2.3) highlighted for the Court.

      1.    **The Disputed Issue.** The parties seek the Court's assistance to resolve a dispute concerning the form of PO to enter in and govern this case. The current draft PO has two express tiers: "Highly Confidential - Attorneys Eyes Only" ("AEO") and "Confidential." Luma seeks to have the AEO tier be outside attorneys' eyes only ("Outside AEO"), consistent with D. Del. LR 26.2, and that a provision (Section 2.3) be included to effectively create a third tier whereby Phreesia's designated in-house counsel may be permitted access to AEO Protected Material. In contrast, Phreesia will not agree to any Outside AEO tier[1] and seeks client access to all Luma Protected Material. Luma informed Phreesia that it could not agree to a PO that does not allow it the ability to designate as Outside AEO trade secret or other highly sensitive information that may be produced in this case, necessitating this joint motion.

      2.    **Luma's Position.** Phreesia and Luma are direct competitors in the healthcare and healthcare technology space. Phreesia filed this false advertising case on October 21, 2024, after learning from a hospital in September 2024 that Luma had shared with it a comparison chart (the "Chart") that had been part of a "Luma Health Confidential" slide deck (the "Slide Deck") which purportedly contained inaccuracies regarding certain product features Phreesia offered. After receiving notice from Phreesia, Luma searched company-wide for any instances of external distribution of the Slide Deck or Chart therein. In connection with the parties' pre-discovery settlement discussions, Luma disclosed to Phreesia all known third parties with whom Luma ever shared the Slide Deck or Chart therein. This consisted of only two business partners (NextGen Healthcare and Greenway Health) and three potential customers (who never became Luma customers). Luma also informed Phreesia that it had instructed its partners and all Luma sales and marketing personnel not to use the Chart or any information from it. Although Luma already ceased use of the information in the Slide Deck and Chart, and no damages resulted from Luma's distribution thereof, Phreesia continues to maintain this lawsuit.

      Phreesia has served overbroad discovery requests on Luma bearing no relationship to the narrow false advertising claims asserted in this case. Luma thus has serious concerns that Phreesia maintains this lawsuit for improper purpose to not only conduct a fishing expedition, but to access competitively sensitive information concerning Luma, its business partners, and third parties. For example, Phreesia's RFP No. 3 seeks "All documents and communications (including text messages, voicemails, emails, and call recordings) exchanged between You and Your current, former, or prospective customers related to Phreesia's products and services" and RFP No. 8 seeks "All internal communications and documents (including text messages, voicemails, emails, and call recordings) related to Your marketing efforts directed to potential,

---

[1] To accomplish the same result, Luma alternatively has proposed including an express third "Outside Attorneys' Eyes Only" tier, which Phreesia has rejected.

current or former customers of Phreesia."  *See* Plaintiff Phreesia, Inc.'s First Set of Document Requests to Defendant Luma Health, Inc., attached hereto as **Exhibit 2**.  Other RFPs seek anything ever shared between Luma and its partners or any other third party related to Phreesia (Nos. 9, 10), all internal Luma documents related to Phreesia (No. 17), all documents reflecting Luma promotional materials (No. 23), all documents reflecting Luma's financial reports, invoices, and expenses records (No. 25), and all documents related to Luma's monthly revenues by customer (No. 26) and revenues earned from any former Phreesia customer (No. 27).  *Id.*  Phreesia's subpoenas to Luma's business partners are similarly overbroad.  For example, Plaintiff's subpoena to NextGen (attached hereto as **Exhibit 3**) seeks anything exchanged with Luma related to Phreesia's products and services (RFP No. 1) as well as anything related to marketing and sales efforts with Luma directed to "potential, current or former" Phreesia customers (RFP No. 6).

These discovery requests—which on their face seek irrelevant trade secret and other highly sensitive information of Luma and third parties—coupled with Phreesia's refusal to allow Luma the mere *ability* to designate materials as Outside AEO (even where the PO has a process to challenge confidentiality designations (*see* Ex. 1, Section 3)), is highly concerning to Luma.  Moreover, Phreesia still has not disclosed to Luma the identity of its designated in-house representative(s) to whom Luma's Protected Material would be shared.  Phreesia also has demanded de-designation of Luma's Protected Material—which Luma designated on an interim basis only as Outside AEO pursuant to D. Del. LR 26.2—while aware there was no governing PO to afford Luma any protection from disclosure.  Additionally, the wholesale access Phreesia seeks has no reciprocity as Luma has no in-house counsel who would likewise access Phreesia's AEO information.

Courts have "broad discretion" in granting protective orders.  *See, e.g.*, *Monolithic Power Sys., Inc. v. Intersil Corp.*, C.A. No. 16-1125-LPS, 2018 WL 6113465, at *1 (D. Del. Nov. 19, 2018) (citation omitted); *see also* Fed. R. Civ. P. 26(c).  In cases involving trade secrets or other highly sensitive information involving direct competitors, courts allow POs with three tiers to afford parties the ability to designate materials as Outside AEO only.  *See, e.g.*, *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, C.A. No. 16-403-LPS-CJB, 2017 WL 4138961, at *1 (D. Del. Sept. 18, 2017).  Here, Phreesia has provided no legitimate reason as to why it, a direct competitor, should be permitted blanket access to Luma's Protected Material, especially when its outside counsel of record would have access to such materials, and Luma's designation levels may be challenged through Section 3 of the PO.  Luma's proposed compromise of Section 2.3 is reasonable, as it allows sufficient disclosures to allow Luma to assess the factual circumstances and assess risk of inadvertent disclosure or competitive misuse by Phreesia of such AEO Protected Material.  Luma is thus willing to allow access in accordance with this protocol.  For these reasons, Luma respectfully requests that the attached PO be entered.

The Honorable Christopher J. Burke
August 5, 2025
Page 3

                                                                  Respectfully,

                                                                  */s/ David E. Moore*

                                                                  David E. Moore

DEM:rms/12395769/24585.00001

Enclosure
cc:     Counsel of Record (via electronic mail)