**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHREESIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1168-JLH-CJB |
| v. | ) | |
| | ) | |
| LUMA HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Phreesia, Inc., and Defendant Luma Health, Inc., recognize that disclosure and discovery activity are likely to arise that may require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective agreement safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information. Accordingly, the parties respectfully request that the Court enter the procedures set forth in the following Stipulated Protective Order:

**1.      DESIGNATION OF PROTECTIVE MATERIAL**

1.1.    This Agreement shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries, or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as

may be produced during the course of this litigation.

      1.2.    In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

      (a)    A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its business and that such party, in the ordinary course of business, does not or would not publicly disclose; information that a party is under a preexisting obligation to maintain as confidential; or such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that public disclosure of such information would cause competitive harm to the designating party.

      (b)    A party may designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain especially sensitive information, which may include, but is not limited to, sensitive confidential information relating to the research, development, implementation, or production of current or future products or services; sensitive technical, financial, sales, marketing, or customer information; competitive and business strategy information; any information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, or any other trade secret information.

      1.3.    The following information shall not be designated or protected under this Stipulated Protective Order.

(a)     Information that is in the public domain at the time of disclosure, such as publicly-available publications, advertising materials, press releases, and financial information;

(b)     Information that at any time is made public through no act of a non-designating party;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)     Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4.    Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing (or, in the case of an electronic native file or document, by including in the file name) CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, as appropriate, and indicating the identity of the producing party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number).

1.5.    In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Stipulated Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation

in advance, but shall all be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6.    Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)    Any party may designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties on the record during the deposition. The court reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b)    Any party may also designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties separately in writing within ten (10) business days of receipt of the final transcript.  In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY until ten (10) business days after the receipt of the final transcript

to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

1.7    With respect to any Protected Material disclosed during hearings and other Court proceedings, whenever counsel for any party deems that any argument or testimony calls for the disclosure of Protected Material, counsel may designate on the record prior to such disclosure that the disclosure shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY under the terms of this Stipulated Protective Order. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Stipulated Protective Order to receive information so designated.

## 2.    ACCESS TO AND USE OF PROTECTED MATERIAL

2.1.    Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, defense, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2.    Information which has been designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES may be disclosed only to:

(a)    The outside counsel of record for the receiving party and supporting personnel employed by counsel (*e.g.*, paralegals, legal secretaries, data entry clerks);

(b)    Independent consultants or experts retained by the party or its attorneys in connection with this action, including any technical, damages, survey, and industry experts,

or jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 2.5 below;

        (c)     The Court and its personnel;

        (d)     Court reporters, videographers, and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

        (e)     Professional vendors and their employees, including copy services, trial graphics services, electronic discovery vendors, and translation services, engaged by counsel; and

        (f)     During a deposition, hearing, or trial in this action, any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information.

        2.3     On an as needed basis for purposes of this litigation, a receiving party may request to share with its in-house counsel Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by a producing party. When requesting such a disclosure, the requesting party must (1) identify the information desired to be disclosed by Bates number; (2) identify the in-house counsel by name; (3) provide a declaration from the in-house counsel establishing that the in-house counsel is not a competitive decision maker; (4) provide the producing party a copy of the "Agreement to Be Bound by Stipulated Protective Order" (in the form attached as Exhibit A) executed by the in-house counsel; and (5) provide an explanation of why the disclosure in necessary.  Within ten (10) business days of receiving such a request, the producing party shall provide the requesting party a written response either agreeing that the identified HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information may be disclosed to the identified in-house counsel or explaining why the

requested disclosure should not be made.  If a disagreement arises as to whether such requested disclosure is appropriate, the parties should meet and confer in good faith to resolve the dispute.  If the dispute is not resolved, the requesting party may move to compel the requested disclosure.  If such a motion is made, the producing party bears the burden of establishing why the requested disclosure is unnecessary, could cause it competitive harm, or should otherwise not be made.

2.4.    Information that has been designated as CONFIDENTIAL may be disclosed only to:

(a)    The persons identified in paragraph 2.2; and

(b)    Any party or employee of a party to whom disclosure is reasonably necessary for purposes of this litigation and who has signed the "Agreement to Be Bound by Stipulated Protective Order" in Exhibit A.

2.5.    Protected Material shall be disclosed to consultants and experts only upon the following terms:

(a)    Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business, or other professional affiliation or employment, together with a copy of the expert's curriculum vitae and a list of the expert's litigation or consulting engagements for the past three years;

(b)    Unless another party notifies the proposing party of any objection and that objection is received within five (5) business days after notification (by email or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Stipulated Protective Order;

(c)    In the event of a timely objection, which shall be made in good faith and

on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court; and

(d)    The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed within ten (10) business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised.

2.6.    Prior to receiving any Protected Material, any persons described in sections (b) or (e) of paragraph 2.2 shall be furnished with a copy of this Stipulated Protective Order and shall execute a copy of the "Agreement to be Bound by Stipulated Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.7.    Nothing in this Stipulated Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination during a deposition, hearing, or trial in this action of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.

2.8.    Nothing in this Stipulated Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures

(*e.g.*, clearing the Courtroom, sealing the record, etc.).

2.9.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

2.9.1.   All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Stipulated Protective Order are observed, and the confidential nature of the information is maintained.

## 3.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1.    Any party believing that particular information has been improperly marked, *i.e.*, that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within ten (10) business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2.    The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party asserting confidentiality shall have the burden of establishing the

appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3.    Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

## 4.    FILING OF PROTECTED MATERIAL

All information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY which is filed or lodged with the Court shall be filed or lodged pursuant to a motion to file under seal, unless the producing party consents to such information being publicly filed or lodged with the Court.

## 5.    TERMINATION OF LITIGATION

The obligations of this Stipulated Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Protected Material shall return such material and all copies thereof (including summaries and excerpts) to the producing party or, alternatively, shall take reasonable efforts to destroy such material and provide written certification of such destruction to the producing party.

## 6.    THIRD-PARTY DISCOVERY

In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by such third party, such third party may elect to have its information treated in accordance with the terms of this Stipulated Protective Order

by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY in the manner set forth in this Stipulated Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

**7.     INADVERTENT DISCLOSURE**

7.1.     If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without designating it pursuant to this Stipulated Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make reasonable efforts to retrieve and destroy any unmarked versions of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing

party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s) in its possession, custody, or control. Any receiving party will also make all reasonable efforts to retrieve any such inadvertently produced documents from anyone who had received the documents prior to the notification to the receiving party of the inadvertent or unintentional disclosure. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation.

## 8.    MISCELLANEOUS PROVISIONS

8.1.    If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request pursuant to the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request shall be collectively referred to as a "Third-Party Request"), the party to whom the Third-Party Request is directed will not produce such information without first giving written notice (including a copy of the Third-Party Request) to the attorneys of record for the producing party reasonably in advance prior to producing such information, and in any event, if the period for compliance with such Third-Party Request permits, at least ten (10) business days prior to the production date of any Protected Material. The party receiving the Third-Party Request must also promptly inform in writing the party who caused the Third-Party Request to issue that some or all the material covered by the Third-

Party Request is subject to this Stipulated Protective Order. The party receiving the Third-Party

Request must deliver a copy of this Stipulated Protective Order promptly to the party in the

other action that caused the Third-Party Request to issue.

8.2.    The producing party shall bear the burden and expense of seeking protection in

court of its own Protected Material, and nothing in this Stipulated Protective Order should be

construed as authorizing or encouraging a party receiving a Third-Party Request in this action

to disobey a lawful directive from another court.

8.3.    This Stipulated Protective Order may be modified by further written agreement

of the parties or by order of the Court (whether *sua sponte* or by agreement of the parties or

their counsel and approval by the Court), and is without prejudice to the rights of any party to

move for relief from any of its provisions, or to seek or agree to different or additional

protection for any particular material or information.

8.4.    Treatment by counsel or the parties of information designated CONFIDENTIAL

or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY as designated shall not be

construed as an admission by any party that the designated information contains trade secrets or

other proprietary or confidential information. Conversely, failure to so designate shall not

constitute a waiver of any party's claims, either within or outside this action, that any such

documents or information do contain trade secrets or other proprietary or confidential

information.

8.5.    No party shall be obligated to challenge the propriety of any designation, and

failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver

of the right to challenge a confidentiality designation at any later time.

8.6.    By entering this Stipulated Protective Order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party

subject to this Stipulated Protective Order who becomes subject to a motion to disclose another

party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEY EYES ONLY pursuant to this Stipulated Protective Order shall promptly notify

that party of the motion so that the party may have an opportunity to appear and be heard on

whether that information should be disclosed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| FLASTER GREENBERG, P.C. | POTTER ANDERSON & CORROON LLP |
| By: */s/ Damien Nicolas Tancredi*<br>   Damien Nicolas Tancredi (#5395)<br>   1007 North Orange Street, Suite 400<br>   Wilmington, DE 19801<br>   Tel:  (302) 351-1910<br>   Damien.tancredi@flastergreenberg.com | By: */s/ David E. Moore*<br>   David E. Moore (#3983)<br>   Bindu A. Palapura (#5370)<br>   Tyler C. Cragg (#6398)<br>   Malisa C. Dang (#7187)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE  19801<br>   Tel:  (302) 984-6000<br>   dmoore@potteranderson.com<br>   bpalapura@potteranderson.com<br>   tcragg@potteranderson.com<br>   mdang@potteranderson.com |
| *Attorneys for Plaintiff Phreesia, Inc.*<br><br>Dated: September 29, 2025<br>12481877 / 24585.00001 | |
| | *Attorneys for Defendant Luma Health, Inc.* |

**SO ORDERED this 29th day of September, 2025.**

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHREESIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1168-JLH-CJB |
| v. | ) | |
| | ) | |
| LUMA HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order in this action. I read and understood the Stipulated Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with this action, and I agree not to reveal any such information to any person not authorized by the Stipulated Protective Order.

I further acknowledge and understand that a violation of the Stipulated Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware in connection with any proceedings concerning enforcement of the Stipulated Protective Order.

Dated: _____    Signature: _____

                                    Name [printed]: _____