# EXHIBIT A

**Subject:**  Re: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter
**Date:**  Friday, June 13, 2025 at 10:16:51 AM Pacific Daylight Time
**From:**  Songmee Connolly
**To:**  Taylor, Matthew, Phil Haack, Ryan Marton
**CC:**  David E. Moore, Andrew M. Moshos, Bindu A. Palapura, tcragg@potteranderson.com, mdang@potteranderson.com, LaVine, Jordan, Palombo, Eric, Filippone, Christine
**Attachments:**  image001.png, image002.jpg, image003.jpg, image004.png, image005.jpg, image008.jpg, 2025-06-13 M&C ltr (response to Phreesia June 6 ltr).pdf

Hi Matt,

Please see the attached which addresses issues raised in your June 6 letter.

Our May 28 initial letter had identified deficiencies with responses to Interrogatory Nos. 5, 13, 16, 18, 19, 22, 23, but the June 2 letter did not address Nos. 18, 19 and 22 which directly concern Phreesia's claims for damages and injunctive relief (see May 28 letter at 2).  At minimum, could you provide us a firm commitment for supplementation of those responses, and a time by which we can expect those to be provided?  Thanks.

Best regards,
Songmee

---

**From:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>
**Date:** Tuesday, June 10, 2025 at 2:35 PM
**To:** Songmee Connolly <songmee@martonribera.com>, Phil Haack <phaack@martonribera.com>, Ryan Marton <ryan@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>, Andrew M. Moshos <amoshos@potteranderson.com>, Bindu A. Palapura <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>, mdang@potteranderson.com <mdang@potteranderson.com>, LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** RE: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Hi Songmee,

I do anticipate that we will be supplementing our responses to interrogatories and making additional document productions as discovery continues. I don't have a firm date for when we will be making the next supplemental production.

If there is a more particular question about our response to your deficiency letter, or our existing discovery responses, please let me know. Or, we can discuss it on a meet and confer. As you know, we sent our own deficiency letter and have issues we need to discuss.

Thanks,

Matt

**Matthew Taylor**
Flaster Greenberg PC
p: 856.290.2025 • e: matthew.taylor@flastergreenberg.com
1810 Chapel Avenue W, Cherry Hill, NJ 08002

---

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling the sender, so that our address record can be corrected.

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Tuesday, June 10, 2025 4:15 PM
**To:** Phil Haack <phaack@martonribera.com>; Taylor, Matthew <matthew.taylor@flastergreenberg.com>; Ryan Marton <ryan@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>; Andrew M. Moshos <amoshos@potteranderson.com>; Bindu A. Palapura <bpalapura@potteranderson.com>; tcragg@potteranderson.com; mdang@potteranderson.com; LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>; Palombo, Eric <eric.palombo@flastergreenberg.com>; Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** Re: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Hi Matt,

Following up on the below. Can we please get a response to the questions below?  Thanks.

Regards,
Songmee

**From:** Songmee Connolly <songmee@martonribera.com>
**Date:** Wednesday, June 4, 2025 at 9:10 AM
**To:** Phil Haack <phaack@martonribera.com>, Taylor, Matthew <matthew.taylor@flastergreenberg.com>, Ryan Marton <ryan@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>, Andrew M. Moshos <amoshos@potteranderson.com>, Bindu A. Palapura <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>, mdang@potteranderson.com <mdang@potteranderson.com>, LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** Re: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Hi Matt,

Could you advise if Phreesia will be supplementing any of its interrogatory responses, and if so, by when?  Or are the Bates number references in Monday's letter (for Interrogatory Nos. 5, 13, 16, 20, 21, and 23) the only additional information that Phreesia will be providing?

Regards,
Songmee

**From:** Phil Haack <phaack@martonribera.com>
**Date:** Tuesday, June 3, 2025 at 9:33 AM
**To:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>, Ryan Marton <ryan@martonribera.com>, Songmee Connolly <songmee@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>, Andrew M. Moshos <amoshos@potteranderson.com>, Bindu A. Palapura <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>, mdang@potteranderson.com <mdang@potteranderson.com>, LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** Re: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Thanks Matt.

Phil

**From:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>
**Date:** Tuesday, June 3, 2025 at 7:19 AM
**To:** Phil Haack <phaack@martonribera.com>, Ryan Marton <ryan@martonribera.com>, Songmee Connolly <songmee@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>, Andrew M. Moshos <amoshos@potteranderson.com>, Bindu A. Palapura <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>, mdang@potteranderson.com <mdang@potteranderson.com>, LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** RE: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Yes, you can share the supplemental disclosures with Luma.

Thank you, Phil.

**Matthew Taylor**
Flaster Greenberg PC
p: 856.290.2025 • e: matthew.taylor@flastergreenberg.com
1810 Chapel Avenue W, Cherry Hill, NJ 08002

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not

intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling the sender, so that our address record can be corrected.

---

**From:** Phil Haack <phaack@martonribera.com>
**Sent:** Monday, June 2, 2025 6:43 PM
**To:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>; Ryan Marton <ryan@martonribera.com>; Songmee Connolly <songmee@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>; Andrew M. Moshos <amoshos@potteranderson.com>; Bindu A. Palapura <bpalapura@potteranderson.com>; tcragg@potteranderson.com; mdang@potteranderson.com; LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>; Palombo, Eric <eric.palombo@flastergreenberg.com>; Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** Re: Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Matt,

We'll respond substantively in due course.  In the meantime, can you please confirm that we can share the supplemental disclosures with our client?

Thanks,
Phil

---

**From:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>
**Date:** Monday, June 2, 2025 at 3:08 PM
**To:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Songmee Connolly <songmee@martonribera.com>
**Cc:** David E. Moore <dmoore@potteranderson.com>, Andrew M. Moshos <amoshos@potteranderson.com>, Bindu A. Palapura <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>, mdang@potteranderson.com <mdang@potteranderson.com>, LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Filippone, Christine <Christine.Filippone@flastergreenberg.com>
**Subject:** Phreesia v. Luma - Initial Response to May 28, 2025 Deficiency Letter

Counsel,

Please see the attached.

As noted in the attached letter, we intend to serve our own deficiency letter in the coming days. We can coordinate a meet and confer to discuss all issues.

Thanks,

Matt

**Matthew Taylor**
Flaster Greenberg PC
p: 856.290.2025 • e: matthew.taylor@flastergreenberg.com
1810 Chapel Avenue W, Cherry Hill, NJ 08002


Register for our Business Law Seminars here.

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling the sender, so that our address record can be corrected.

NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and

asserts all confidentiality rights and privileges regarding this communication.



Songmee Connolly
songmee@martonribera.com

548 Market Street, Suite 36117
San Francisco, CA 94104
415.360.2514

June 13, 2025

**By Email**

H. Matthew Taylor (matthew.taylor@flastergreenberg.com)
FLASTER GREENBERG PC

**Re:    Response to Phreesia's June 6, 2025 Meet and Confer Letter**

Dear Matt:

This correspondence responds to Phreesia's June 6 letter ("Letter"). We disagree that there are any substantive deficiencies with Luma's discovery responses, and seek to address the issues raised in the Letter as follows:

1.    <u>Verification (*see* Letter at 1)</u>.  Luma's verification is forthcoming.

2.    <u>Confidentiality Designations (*see id.* at 1 fn.1, 5, 6)</u>.  Although Phreesia generally objects to Luma's use of AEO designations, it has not specified any documents for which de-designation is requested.  As you are aware, Luma's documents were produced pursuant to D. Del. LR 26.2 because there still is no protective order entered to govern the treatment of confidential information in this case, even though a draft protective order was provided to Phreesia more than two months ago on April 1, 2025.  So that we may evaluate Phreesia's objections, we request that you please specify which documents you seek to de-designate, to which confidentiality level, and to please identify any outstanding issues on the draft protective order so that the parties may finalize and have it entered by the Court.

3.    <u>Date-Related Issues (*see, e.g., id.* at 2, 5)</u>.  We do not understand the basis for your assertion that Luma has applied a January 1, 2024 cut-off.  It is our understanding that no date cut-off has been applied.

4.    <u>ESI Data/Search Methodology</u>.  Your Letter appears to raise general questions regarding the custodial data collected, searched, reviewed and produced.  Email and Google Drive data company-wide (inclusive of those five custodians) since January 1, 2014 has been searched and collected with application of the search term "phreesia."  We are still in the

June 13, 2025

process of reviewing documents subject to our objections and agreements to produce, and will be producing additional documents during the discovery period. That said, Luma's April 14 production prioritized production of documents that had been found to date which reflected the at-issue chart or at-issue slides having been sent from Luma to a third party.  To the extent that there are complaints about specific RFPs and/or Luma's respective positions on them, there is insufficient information provided in the Letter for us to evaluate them.  Moreover, to the extent that Phreesia is demanding that Luma "identify" "document(s)" by Bates Numbers to correspond with Phreesia's document requests, we are aware of no such requirement on a producing party under Rule 34(b)(2) and request that you provide case law in support of the request.

5.    <u>Zboch Email</u>.  The Letter appears to raise questions related to Joe Zboch's email (*see* Letter at 4, 5).  As stated in Luma's Response to Interrogatory No. 9, Mr. Zboch's employment with Luma ended on or around June 7, 2023, well over a year before Luma could have even known of Phreesia's claims.  It is our understanding that Luma, in the ordinary course of business, did not retain Mr. Zboch's email and thus the data was deleted on or about August 7, 2023 in accordance with Luma's data retention policy.

6.    <u>Sharepoint Folder (Letter at 2, 5)</u>.  It is our understanding that the "sharepoint folder" referenced in LUMA00000001, 6, and 11 is NextGen's,[1] not Luma's.  This is reflected in the URL of the folder ("https://qsinextgen.sharepoint.com/....").

7.    <u>Attachments (*id.* at 5)</u>.  To our knowledge, there are no missing attachments in Luma's production. The attachment to LUMA00000001 was produced at LUMA00000002-00000005; the attachment to LUMA00000006 was produced at LUMA00000007-00000010; and there appears to be no attachment for LUMA00000011.  If there are other documents on this issue, please advise.

8.    <u>Metadata (*id.* at 5)</u>.  Metadata associated with the production documents was produced.  Without providing more specifics on any particular documents or metadata fields we are not able to further evaluate this issue.

9.    <u>.DAT file (*id.* at 5)</u>.  A .dat file was produced with Luma's production, at the path "LUMA-VOL001/DATA/LUMA-VOL001.dat."  Please advise if you cannot locate it.

10.    <u>Privilege Log</u>.  A privilege log is forthcoming.  As Mr. Palombo confirmed in an April 16, 2025 email, the parties agreed that communications between clients and trial counsel

---

[1] Relatedly, we request that Phreesia confirm whether NextGen has responded or otherwise produced any documents in response to Phreesia's subpoena. If so, we request that any such documents be produced.

June 13, 2025

do not need to be included on any privilege logs whether they took place before or after this litigation commenced.  If your position on this has changed, we request that we meet and confer on this issue pursuant to the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default ESI Order"), Par. 1.d.  We note that the Default ESI Order also provides that parties are not required to log "information generated after the filing of the complaint."  *Id.*

11. <u>Requests for Admission ("RFAs")</u>.  Your Letter complains that Luma's responses to RFA Nos. 3 and 4 are deficient and incomplete (*see* Letter at 6-7).  However, as you note, these RFAs ask that Luma admit that it created the at-issue chart and at-issue slides.  As explained and noted in its objections, Luma has conducted a reasonable inquiry and does not have information in its possession, custody, or control sufficient to admit these RFAs as propounded.  While Luma believes the at-issue chart originated from a former employee, Joe Zboch, he is no longer in Luma's control and Luma cannot verify whether he created it or how he otherwise came to possess the at-issue chart.  Accordingly, Luma's current responses, which admit that Luma created the emails which attach or otherwise include the at-issue chart or at-issue slides, are sufficient under Rule 36(a)(4) and require no further response.  *See* Fed. R. Civ. Proc. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

12. <u>Interrogatory Responses</u>. The Letter raises various issues concerning Luma's responses to Interrogatory Nos. 3-6, 9-12 and 16, many of which have been addressed above. Although we do not agree there are any deficiencies with the substantive responses, we are in the process of reviewing these specific interrogatory responses to evaluate where one or more can be supplemented with the additional information requested.

If you believe there are any issues that have not been addressed herein please advise, and if needed we can schedule a time to meet and confer on the issues raised in your June 6 Letter.

Sincerely,

MARTON RIBERA SCHUMANN & CHANG LLP

/s/ Songmee Connolly

# EXHIBIT B

**Subject:** Re: Phreesia v. Luma - Correspondence
**Date:** Wednesday, August 6, 2025 at 11:45:02 AM Pacific Daylight Time
**From:** Songmee Connolly
**To:** Taylor, Matthew, Phil Haack, Ryan Marton, Moshos, Andrew M., Moore, David E., Dang, Malisa C., Palapura, Bindu A., tcragg@potteranderson.com
**CC:** LaVine, Jordan, Tancredi, Damien, Palombo, Eric, Daniel L. Sulvetta
**BCC:** Songmee Connolly
**Attachments:** image001.png, image002.png, image003.jpg, image004.jpg, image005.png, image006.jpg, 2025-08-06 R. Marton M&C Ltr Response to July 30 letter.pdf

Dear Counsel - please see attached letter.

---

**From:** Taylor, Matthew <matthew.taylor@flastergreenberg.com>
**Date:** Wednesday, July 30, 2025 at 8:50 AM
**To:** Songmee Connolly <songmee@martonribera.com>, Phil Haack <phaack@martonribera.com>, Ryan Marton <ryan@martonribera.com>, Moshos, Andrew M. <amoshos@potteranderson.com>, Moore, David E. <dmoore@potteranderson.com>, Dang, Malisa C. <mdang@potteranderson.com>, Palapura, Bindu A. <bpalapura@potteranderson.com>, tcragg@potteranderson.com <tcragg@potteranderson.com>
**Cc:** LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>, Tancredi, Damien <Damien.Tancredi@flastergreenberg.com>, Palombo, Eric <eric.palombo@flastergreenberg.com>, Daniel L. Sulvetta <daniel.sulvetta@flastergreenberg.com>
**Subject:** Phreesia v. Luma - Correspondence

Counsel,

Please see the attached.

Best regards,

Matt

**Matthew Taylor**
Flaster Greenberg PC
p: 856.290.2025 • e: matthew.taylor@flastergreenberg.com
1810 Chapel Avenue W, Cherry Hill, NJ 08002

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling the sender, so that our address record can be corrected.



Ryan J. Marton
ryan@martonribera.com

548 Market Street, Suite 36117
San Francisco, CA 94104
415.360.2515

**By Email**

Jordan LaVine (jordan.lavine@flastergreenberg.com)
H. Matthew Taylor (matthew.taylor@flastergreenberg.com)
Damien Nicholas Tancredi (damien.tancredi@flastergreenberg.com)
Eric C. Palombo (eric.palombo@flastergreenberg.com)
FLASTER GREENBERG PC

**Re:    Response to July 30 Letter and Phreesia's Ongoing Discovery Deficiencies**

Dear Counsel:

We write to (1) respond to the issues, including several new ones, raised by your July 30, 2025 letter (the "July 30 Letter") and (2) to follow-up regarding Phreesia's discovery deficiencies.  We have availability next week to meet and confer on these matters.  Please let us know what dates and times will work with you.

**A.    Response to July 30 Letter Regard ESI Collection and Search**

Your July 30 Letter does not accurately memorialize our July 23, 2025 call or the meet and confer history and record in this case.  We write to ensure the record is accurate regarding Luma's ESI collection and discovery efforts to date, and respond to, and correct misstatements in the July 30 Letter.

On July 7, 2025, Phreesia asked, for the first time, that Luma apply proposed search terms against Luma's collected ESI.  The 14 search terms proposed by Phreesia are attached as Appendix 1.  In response, on July 8th, Luma offered to apply these terms and return hit counts against the ESI it had collected to date[1] to assess these search terms' reasonableness and

---

[1] As previously explained, Luma's ESI collection to date included data collected after applying the search term "phreesia" companywide using the Google Vault eDiscovery tool (*i.e.*, across all company email (Gmail), Google Drives (both shared and individual drives), and Google office documents), and also searched Guru (a knowledge management software program used by companies for internal wikis and intranets).

efficacy.  Luma specifically explained to Phreesia, again,[2] the scope of ESI collected to date and housed within its eDiscovery platform,[3] as it wanted to ensure that Phreesia had no concerns or objections as to the scope of this data set against which these search terms would be applied. During the parties' July 11, 2025 meet and confer call, Phreesia said it would consider whether this ESI collection was sufficient, and Luma invited Phreesia to suggest alternative proposals (*e.g.*, collecting all ESI from a limited number of custodians).

Phreesia never followed up on this offer, until it requested a further call so that it may "go through some questions," a call which the parties had on July 23, 2025.  In that call, Phreesia asked, for the first time, new exploratory questions, such as whether misspellings or other search terms for "Phreesia" had been used to collect ESI, whether there were workstations or a customer relationship management program with relevant data, what Google Vault captured, what Guru was, and whether Slack or financial systems had been searched.  These questions and issues were never raised by Phreesia prior to this call, even though Luma had made its ESI disclosures nearly three months prior on April 25, 2025, and had shared in its June 13 Letter its ESI collection done to date.  Phreesia also did not follow-up on that call or these issues, until it sent the July 30 Letter, which was self-serving and which Phreesia then tried to improperly submit to the Court with the parties' interim status report.

Invective language aside, Phreesia's new and surprising demands in the July 30 Letter are not only unclear and confusing, but also unreasonable, not in good faith, and not proportional to the needs of this case.  Such demands appear to consist of the following, each of which Luma addresses below.

First, Phreesia demands that "Luma must identify and disclose all ESI data sources that have potentially relevant information."  Luma has already sufficiently complied with its disclosure obligations, including with its April 25, 2025 ESI disclosures.  If there is more information Phreesia is asking for, it is unclear to Luma.  Please be prepared to clarify what more information is being requested on our next call.

Second, Phreesia demands that Luma "apply" all 14 search terms "and any others needed" to "all of the identified ESI data sources."  Again, it is unclear what Phreesia is asking Luma to do.  Is it asking that these 14 search terms be applied across all disclosed ESI repositories for collection purposes?  Or that Luma collect all ESI from such disclosed ESI

---

[2] Luma had already provided such information to Phreesia in its June 13, 2025 letter ("June 13 Letter").  *See* June 13 Letter at Par. 4.

[3] Phreesia appears to incorrectly reference Relativity in its July 30 Letter, rather than Digital WarRoom ("DWR"), which is the eDiscovery vendor and review platform being used by Luma and its counsel for this matter.

repositories and then apply these search terms for review purposes?  Does Phreesia intend to later include "other" search terms whereby Luma needs to conduct a further collection across all ESI data sources?

Third, Phreesia demands that "full searches" be done across "workstations" of the five custodians identified by Luma.  Again, it is unclear what Phreesia is requesting.  Is Phreesia asking that Luma image and collect all or certain types of data from these five employee laptops? Or that only these 14 search terms be applied to data locally residing on these employees' laptops for collection purposes?  Moreover, as explained during our call, it is our understanding that Luma's employees do not typically store data locally, and therefore relevant documents would be more likely captured across the Google data repositories that Luma has already searched.

Fourth, Phreesia asks Luma to "search" its "systems" for documents and communications sent by or to Mr. Zboch.[4]  It is unclear again what Phreesia is requesting.  Are there particular search terms Phreesia is asking be run, and if so, what terms are those and against which "systems"?  For example, is Phreesia requesting a supplemental ESI collection be done using Google Vault of any email where Mr. Zboch is the sender?  Or that "Zboch" be used as a search term across the ESI collected by Luma to date within its eDiscovery platform?  If Phreesia can be more specific, Luma can better evaluate the reasonableness and burden of its request.  To the extent that Phreesia is asking that Luma collect Mr. Zboch's Slack history, it is our understanding the Luma cannot access this information without having to try and request and obtain it from Slack.  Please explain how undertaking the additional collection and search of Slack data is justified under Rule 26(b) for this case.

Fifth, Phreesia demands that hit reports be shared "from Google Vault and other internal systems."  Luma has never refused to share hit reports, and we had expressly offered to run searches and provide such hit reports against the ESI collected to date within the eDiscovery review platform being used.  Insofar as Phreesia is now requesting that Luma's IT department

---

[4] In its July 30 Letter, Phreesia falsely accuses Luma of "failing to identify Joe Zboch as a custodian."  But as early as April 14, 2025, Luma identified Mr. Zboch in both its written interrogatory responses and supplemental Rule 26 disclosures.  Luma informed Phreesia that Mr. Zboch is an ex-employee who left Luma in June 2023 and is a third party over whom Luma has no control.  Moreover, on June 13, 2025, in response to Phreesia's June 6, 2025 letter seeking information related to Mr. Zboch's data, Luma explained that Mr. Zboch's email was not retained and deleted by Luma in August 2023 in the ordinary course of business, over a year before Luma ever received notice of Phreesia's claims.  During the parties' July 23, 2025 call, Phreesia asked why no emails sent by or received from Mr. Zboch were produced.  To do so would be speculation as there could be any number of reasons why this could be the case – one obvious one being that Mr. Zboch did not email the at-issue chart to anyone at Luma.

run iterative searches and provide hit reports within Google Vault or elsewhere, no such request was ever made previously by Phreesia. In order to understand your request, and to be able to evaluate its feasibility, reasonableness, and how burdensome it would be, we will need more precise information as to what is being requested. For example, is Phreesia asking that Luma's in-house IT department apply the 14 search terms using Google Vault companywide or to only the five custodians, or within some other systems? Is Phreesia contemplating hit reports be generated by Luma's in-house IT department so that they will need to be engaged in some iterative process with respect to what additional ESI to collect from Google Vault? It is not clear to us why we should engage in such a burdensome exercise with our client, when they have already undertaken a significant and reasonable collection using Google Vault by application of the search term "phreesia" companywide, and this data set has already been processed and loaded onto our eDiscovery platform against which these 14 search terms can be applied and hit reports can be provided for you.

As we have repeatedly stated, we are willing to work with you to find agreement on a reasonable ESI data set to collect and review for production of additional documents that may be relevant for this case. We are willing to do this despite the fact that we believe the scope of ESI collection has been more than reasonable in this case and relevant documents have already been produced. However, Phreesia's requests must be reasonable and proportional to the needs of this case, and the requests made in the July 30 Letter are not. At our next meet and confer call, we ask that you please provide us more specifics on the particular supplemental collections, searches and/or hit reports you are requesting and across which Luma ESI data repositories you are asking this be done, as well as the priority order of such requests.

**B.    Phreesia's Ongoing Discovery Deficiencies**

At our next call we would also like to address Phreesia's uncured and ongoing discovery deficiencies which include the following:

1.    **Phreesia's Collection and Search Efforts**. Given the lack of documents produced by Phreesia to date, we ask that you please disclose the scope of Phreesia's document and ESI collection to date, and in particular: which custodial and non-custodial data sources and repositories were collected and/or searched; the methodology and parameters of its collection and search; and the search methodology conducted for review and production of documents and information responsive to Luma's discovery requests. We request this information so that we can evaluate the sufficiency of Phreesia's ESI collection and search efforts to date.

2.    **Phreesia's Document Production**. Phreesia's production remains deficient, and upon further review is comprised primarily of SEC filings, quarterly reports, and investor letters and presentations, all of which are publicly available, including on Phreesia's website. Please advise when we can expect Phreesia's supplemental production.

3.      **Deficiencies with Phreesia's Interrogatory Responses Raised in Luma's May 28, 2025 Letter.** It has been over two months since Luma raised numerous deficiencies with Phreesia's interrogatory responses. *See* May 28, 2025 Letter. To date, Phreesia has not provided any supplemental interrogatory responses to cure the deficiencies in its responses to Interrogatory Nos. 5, 13, 16, 18, 19, 22 and 23 nor has it committed to a date certain for any such supplementation. We have requested over and over again that Phreesia identify all third parties that it contends either saw or otherwise relied on the purported false advertising at issue in this case, the factual basis and calculation for any amount of claimed damages, and what grounds it has for any injunctive relief or recovery of attorneys' fees. To date, Phreesia has provided no such information. Even though Phreesia listed 13 purported "lost accounts" in its supplemental Rule 26 disclosures, Phreesia has provided no factual basis whatsoever (despite Luma's request that such information be provided) as to why any of these purported third parties have any relevance to the false advertising claims alleged in this case.

4.      **Other Deficiencies with Phreesia's Interrogatory Responses**. Phreesia's interrogatories are also deficient in that it does not adequately identify the alleged false statements at-issue in this case. Luma specifically defined and requested that Phreesia identify each "At-Issue Statement" and whether Phreesia contends each is either "False" or "Misleading." *See* Interrogatory Nos. 1, 2. To date, Phreesia has identified only the seven "Features" (all capitalized phrases) that appear within the chart graphic without answering whether it contends each is literally false or merely misleading—*e.g.*, susceptible to more than one reasonable interpretation. *See* 4 McCarthy on Trademarks and Unfair Competition §§ 27:53-27:55 (5th ed.). It is critical for Luma to know Phreesia's contentions and the basis for them so that it can adequately prepare its defenses. Please supplement.

Additionally, Luma requested that Phreesia identify each "At-Issue Document" including all words (including any At-Issue Statements), images, and any other context or elements that comprise the At-Issue Document. *See* Interrogatory No. 4. Phreesia provides no substantive response, making it impossible for Luma to apprise whether Phreesia contends the At-Issue Statements appeared in the same or different documents, contexts, or purported "commercial advertising or promotion." Please supplement.

Phreesia also provides no substantive response as to what factual basis it has to accuse Luma of having engaged in an "advertising campaign" using these purported At-Issue Statements. *See* Interrogatory No. 6. Please advise if Phreesia will supplement its response.

Phreesia also asserts in conclusory fashion that the "specification sheets" attached as Exhibit A to its original complaint show that Phreesia purportedly provides all seven features in the At-Issue Statements. It is entirely ambiguous and unclear what statements therein Phreesia is relying on to make this assertion, which is why Luma served an interrogatory requesting clarification. *See* Interrogatory No. 7. Phreesia does not provide any substantive response to this interrogatory. Please supplement and precisely identify (whether verbatim, by highlighting

or otherwise marking) what words or phrases Phreesia contends within this exhibit supports such assertions that Phreesia supports these "Features."

Finally, Phreesia did not identify its sales, revenues and profits earned from January 2023 to the present. To the extent that Phreesia is asserting damages in this case, such as lost revenue or sales as a result of Luma's alleged false advertising, Luma is entitled to discover such financial information to analyze, assess, and challenge Phreesia's assertions.

Sincerely,

MARTON RIBERA SCHUMANN & CHANG LLP

Ryan J. Marton

**APPENDIX 1**

**Search terms**

1. "Playbook"
2. "collat!" OR ("competitive /10 intel")
3. ("Battlecard" OR "Comparison") AND Zboch
4. Omni eye services
5. "Tanner" OR "Alpine" OR "Monterey Spine"
6. "Allergy" AND "ENT"
7. Rules AND ("chat" /5 "bot")
8. "API" AND "platform"
9. SMS /15 Rebook*
10. "Digital" AND "Deflection"
11. Automated /5 smart /5 waitlist
12. Mobile /5 Ins! /5 ("card" AND "upload!")
13. Patient /5 feedback
14. Rep! /5 Manage!

# EXHIBIT C

**From: Palombo, Eric C** eric.palombo@flastergreenberg.com 📎
**Subject:** RE: Draft Luma ESI disclosure
**Date:** April 25, 2025 at 12:26 PM
**To:** Phil Haack phaack@martonribera.com, Ryan Marton ryan@martonribera.com
**Cc:** Songmee Connolly songmee@martonribera.com, Tancredi, Damien Damien.Tancredi@flastergreenberg.com, David E. Moore dmoore@potteranderson.com, Palapura, Bindu A. bpalapura@potteranderson.com, Moshos, Andrew M. amoshos@potteranderson.com, LaVine, Jordan Jordan.LaVine@flastergreenberg.com, Taylor, Matthew matthew.taylor@flastergreenberg.com

EP

Phil/Ryan,

The redlined version of the protective order we previously discussed is attached for your review. Once you've looked it over, please let me know if you want to jump on a call to discuss any proposed revisions. Regarding ESI disclosures, please see the below list, which is being provided ==pursuant to the governing ESI order and the parties' agreement==. As we discussed during our call, this matter is in the early stages of discovery, and we will amend/supplement this list as necessary. Thank you.

**Phreesia Custodians**

| Name and Title | Subjects of Information |
|---|---|
| Sally Thayer, VP Product Management | Phreesia's product/services capabilities, falsity of Luma communications. |
| Evan Roberts, Chief Operating Officer | Phreesia's customer base, Luma's distribution of false or misleading statements |
| Nick Vissat, VP of Sales | Phreesia's customer base, Luma's distribution of false or misleading statements |
| Chris Bays, Director, Product Management | Phreesia's product/services capabilities |

**Non-Custodial Data Sources**

1. SalesForce
2. Gong

Best,
Eric

## Eric Palombo
Flaster Greenberg PC
p: 215.320.3728 • f: 610.260.4447 • e: eric.palombo@flastergreenberg.com

---

**From:** Phil Haack <phaack@martonribera.com>
**Sent:** Friday, April 25, 2025 2:06 PM
**To:** Palombo, Eric C <eric.palombo@flastergreenberg.com>; LaVine, Jordan <Jordan.LaVine@flastergreenberg.com>; Tancredi, Damien <Damien.Tancredi@flastergreenberg.com>; Taylor, Matthew <matthew.taylor@flastergreenberg.com>

**Cc:** Ryan Marton <ryan@martonribera.com>; Songmee Connolly <songmee@martonribera.com>; David E. Moore <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Moshos, Andrew M. <amoshos@potteranderson.com>
**Subject:** Draft Luma ESI disclosure


Counsel,

Per the parties' agreement and the Court's default discovery standard, please find Luma's ESI disclosures below.

Luma custodial data most likely to contain discoverable information:

| Name | Subjects of Information |
|---|---|
| Josh Moore, Senior Director of Channel | Distribution and use of the chart alleged by Plaintiff as reflecting false or misleading statements; relationship with Luma partners |
| Jennifer Taber, Account Executive | Distribution and use of the chart alleged by Plaintiff as reflecting false or misleading statements |
| Claire Deeley, Enterprise Sales Development (former employee) | Distribution and use of the chart alleged by Plaintiff as reflecting false or misleading statements |
| Alex Esquivel, Head of Marketing | Development and use of Luma marketing materials; Luma's marketing practices |
| Kelly Scott, Director of Product Marketing | Development and use of Luma marketing materials; Luma's marketing practices and competitive analyses |

Luma's non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely, are:

- Google Vault (repository of email and documents)
- Guru
- Luma's Financial Systems
- Slack


Best,
Phil

Phil Haack

Phil Haack
Marton Ribera Schumann & Chang LLP
phil@martonribera.com | (415) 360-2517
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.

**Draft Stipulated Protective Order - Phreesia Redline...**