# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHREESIA, INC.<br><br>            Plaintiff,<br><br>v.<br><br>LUMA HEALTH, INC.,<br><br>            Defendant. | Civil Action No. 1:24-cv-01168 |

## LETTER BRIEF REPLY TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAMIEN N. TANCREDI REGARDING PLAINTIFF PHREESIA, INC.'S DISCOVERY DISPUTES

**FLASTER GREENBERG P.C.**

Date: November 7, 2025

*/s/ Damien N. Tancredi*

By: Damien Nicholas Tancredi [DE No. 5395]
Damien.tancredi@flastergreenberg.com
221 W 10th street, 4th Floor,
Wilmington, Delaware 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

Jordan A. LaVine (*pro hac vice*)
Eric C. Palombo (*pro hac vice*)
H. Matthew Taylor *(pro hac vice)*
Daniel L. Sulvetta *(pro hac vice)*
Flaster Greenberg P.C.
One Tower Bridge
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 576-1730
Facsimile: (610) 260-4447

Dear Judge Burke,

    Plaintiff Phreesia, Inc. ("Phreesia") respectfully submits this reply letter brief to address certain issues raised in Defendant Luma Health, Inc.'s ("Luma") Opposition (D.I. 83).

**I.    Insufficient ESI Collection.** Luma continues to miss the forest for the trees. From June to present, Phreesia repeatedly expressed concerns that Luma's ESI collection was insufficient. Phreesia proposed solutions to remedy those concerns consistent with Federal and Local Rules of Civil Procedure and the ESI Protocol. It is not accurate to say Phreesia never followed up when the subject of ESI has been raised in many meet and confers, multiple letters and emails, and now briefing. For its part, Luma has also been consistent in claiming that it is somehow unclear what Phreesia is asking. Phreesia is asking Luma to perform a complete, custodian-based ESI collection consistent with this Court's ESI Protocol and consistent with Luma's April disclosures. Ordering Luma to do what is required by discovery rules and local procedure is not unreasonable, overbroad, or unduly burdensome as Luma alleges. The Greenway Health, LLC ("Greenway") production validated Phreesia's concerns and demonstrated that Luma failed to produce relevant, responsive documents that would have been captured had Luma complied with the ESI Protocol and Phreesia's requests. Phreesia's concern was validated late in the discovery period only because Greenway waited for entry of the protective order to produce documents. While Luma alleges it already disclosed that Greenway received the chart, Luma failed to disclose that its employees presented an alternate version of the chart to ARCare or even the existence of this alternate chart. Phreesia agrees this should have been resolved prior to the close of discovery, but that would have required Luma to acknowledge its deficiencies. Luma's continued failure to do so warrants the requested relief.

**II.    Luma's Improper General Objections.** Luma misunderstands Phreesia's argument. The key issue is that Luma failed to produce any internal emails or communications. Luma expansively relies upon general objections to, it seems, justify withholding otherwise responsive information. After conferring with Luma and reviewing metadata, Luma's assertion that it produced eight documents (six spreadsheets and two images) from before January 2024 is accurate but that does not explain the absence of any internal emails from its production. Luma needs to clarify whether it is standing on its general objections, or a specific general objection, to withhold otherwise available, responsive information.

**III.    Luma's Insufficient Responses to Second Set of Requests for Production.** Rather than designating the contracts "attorneys' eyes only" or producing redacted versions, Luma refused to produce contracts with its third-party partners. The contracts directly relate to Luma's defenses and may contain terms that address the distribution of marketing materials, the participation in marketing events, and the development of documents used for presentations like those at issue in this case. The documents may contain sensitive information, but that is not a reason to justify withholding same.

    Respectfully submitted,

    */s/ Damien N. Tancredi*
    Damien N. Tancredi, Esq.

cc: Counsel of record (via ECF)