**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHREESIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1168-JLH-CJB |
| v. | ) | |
| | ) | |
| LUMA HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE BY DEFENDANT LUMA HEALTH INC. TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [D.I. 97]**

OF COUNSEL:

Ryan Marton
Phillip Haack
Songmee Connolly
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: (415) 360-2515

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Tyler C. Cragg (#6398)
Malisa C. Dang (#7187)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
tcragg@potteranderson.com
mdang@potteranderson.com

*Attorneys for Defendant Luma Health, Inc.*

Dated: February 27, 2026
12776070 / 24585.00001

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. JUDGE BURKE CORRECTLY CONCLUDED THAT THE FAC FAILS TO SUFFICIENTLY PLEAD A "COMMERCIAL ADVERTISING OR PROMOTION" .... 1

III. JUDGE BURKE CORRECTLY CONCLUDED THAT THE FAC FAILS TO STATE A DUDTPA CLAIM .......... 6

IV. THE COURT SHOULD DENY PHREESIA'S REQUEST FOR THIRTY (30) DAYS AFTER COMPLETION OF DISCOVERY TO FILE AN AMENDED PLEADING .......... 10

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................. 1, 2, 8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................. 1, 2, 6, 8, 9

*Cooper v. Bellasalma*,
C.A. No. 24-832-MN, 2025 WL 1397004 (D. Del. May 14, 2025) .................................. 5

*Cronin v. Bergmann*,
No. CIV.A. 14-4663, 2014 WL 5285930 (E.D. Pa. Oct. 16, 2014) .................................. 5

*FinancialApps, LLC v. Envestnet, Inc.*,
C.A. No. 19-1337-JLH-CJB, 2024 WL 4306177 (D. Del. Sept. 26, 2024) .................................. 5

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) .................................................. 1

*Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*,
No. 18 CIV. 04208 (ER), 2019 WL 498303 (S.D.N.Y. Feb. 8, 2019) .................................. 5

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
859 F. Supp. 1521 (S.D.N.Y. 1994) .................................................. 2, 3

*Guardian Life Ins. Co. of Am. v. Am. Guardian Life Assurance Co.*,
No. CIV. A. 95-3997, 1995 WL 723186 (E.D. Pa. Nov. 14, 1995) .................................. 5

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
62 F. Supp. 3d 368 (D. Del. 2014) .................................................. 7

*Meredith Lodging LLC v. Vacasa LLC*,
No. 6:21-CV-326-MC, 2021 WL 5316986 (D. Or. Nov. 15, 2021) .................................. 5

*N. Atl. Imports, LLC v. Loco-Crazy Good Cookers, Inc.*,
C.A. No. 23-999-GBW-SRF, 2024 WL 245955 (D. Del. Jan. 23, 2024) .................................. 8, 9

*Navatar Grp., Inc. v. DealCloud, Inc.*,
No. 21-CV-1255 (SHS), 2023 WL 1797266 (S.D.N.Y. Feb. 7, 2023) .................................. 5

*PACT XPP Schweiz AG, v. Intel Corp.*,
C.A. No. 19-1006-JDW, 2024 WL 3552521 (D. Del. July 26, 2024),
*appeal dismissed*, No. 2025-1003, 2025 WL 340037 (Fed. Cir. Jan. 30, 2025). .................................. 8

**TABLE OF AUTHORITIES (continued)**

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
C.A. No. 21-786-SB, 2022 WL 911253 (D. Del. Mar. 28, 2022) ...................................... 5, 7, 8

*Robinson v. Fam. Dollar Inc.*,
679 F. App'x 126 (3d Cir. 2017) ......................................................................................... 8

*Scott v. Vantage Corp.*,
336 F. Supp. 3d 366 (D. Del. 2018), *aff'd*, 845 F. App'x 170 (3d Cir. 2021)........................... 10

*Second Baptist Church of Leechburg v. Gilpin Twp, Pa.*,
118 F. App'x 615 (3d Cir. 2004) ......................................................................................... 6

*Shure Inc. v. Clearone, Inc.*,
C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294 (D. Del. June 1, 2020) ............................. 5, 6

**STATUTES & RULES**

Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532 (DUDTPA) ........... 1, 6, 8, 9

Fed. R. Civ. P. 8.............................................................................................................. 2, 8

Fed. R. Civ. P. 11................................................................................................................ 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1 ,2, 5, 8

Fed. R. Civ. P. 16.............................................................................................................. 10

## I. Introduction

Defendant Luma Health, Inc. ("Luma") respectfully submits this response to Plaintiff Phreesia, Inc.'s Objections to the Magistrate Judge's Report and Recommendation [D.I. 93-95] to Grant Luma Health, Inc.'s Motion to Dismiss [D.I. 97] ("Objections"). The Court should overrule the Objections to Magistrate Judge's Report and Recommendation ("R&R") and adopt the R&R dismissing Counts I and II of Phreesia's First Amended Complaint [D.I. 36] ("FAC"). With regard to Count I, Judge Burke correctly recognized that the FAC failed to plead sufficient facts showing that the comparison chart in the "Luma Health Confidential" slide deck (the "Chart") constituted "commercial advertising or promotion" within the meaning of the Lanham Act. In particular, the FAC fails to plead sufficient factual content to plausibly show that the Chart was "disseminated sufficiently to the relevant purchasing public." With regard Count II, Judge Burke also correctly found that the FAC failed to sufficiently allege facts to create "a reasonable apprehension of a future wrong" to state a plausible claim under the Delaware Uniform Deceptive Trade Practices Act ("DUDTPA"). Moreover, the Court should deny Phreesia's request for thirty (30) days after completion of Luma and third-party NextGen's document production to file an amended complaint as unwarranted and procedurally improper and should adopt Judge Burke's recommendation that Phreesia file any amended complaint within ten (10) days of the Court's order on the R&R.

## II. Judge Burke Correctly Concluded that the FAC Fails to Sufficiently Plead a "Commercial Advertising or Promotion"

Although it is unclear to which portions of the R&R Phreesia objects, *see generally* D.I. 97, as a starting point, Plaintiff appears to agree on the relevant standard of review when deciding a Rule 12(b)(6) motion to dismiss under *Iqbal/Twombly* and Third Circuit law. *See* D.I. 93; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11(3d Cir. 2009); D.I. 39 ("Opening Brief")

at 5. Plaintiff also appears to agree on the *prima facie* elements of a Lanham Act false advertising claim and the applicability of the *Gordon & Breach* test to determine whether the Chart was "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *See* D.I. 93; D.I. 39 at Parts IV, V.A, V.A.1. Phreesia also does not appear to object to the R&R at D.I. 94. Thus, that portion of the R&R should be adopted by the Court.

At best, Luma can discern that the Objections to Count I boil down to primarily the following arguments: that Judge Burke (1) imposed a "heightened" pleading standard "in excess" of what is required by Rule 8, made "premature factual findings," and failed "to credit" or otherwise "misread[ ]" the allegations in the FAC (*see, e.g.*, D.I. 97 at 1, 3, 7, 8); (2) erred in relying on certain cases (*see, e.g.*, *id*. at 6) and inappropriately determined the sufficiency of pleading "dissemination" on a motion to dismiss (*see, e.g.*, *id*. at 7); and (3) incorrectly found that Plaintiff has had the "benefit of discovery" (*see, e.g.*, *id* at 3, 7, 8). None of these objections have merit. Each should be overruled and the R&R should be adopted.

First, contrary to Plaintiff's assertions, Judge Burke did not, and expressly declined to, impose a heightened pleading requirement with respect to Plaintiff's Lanham Act false advertising claim. *See* D.I. 93; D.I. 39 at 5 n.2. Indeed, Judge Burke correctly followed and applied the relevant *Iqbal*/*Twombly* standard applicable on a Rule 12(b)(6) motion to dismiss to conclude that Plaintiff insufficiently alleged a "commercial advertising or promotion" under the fourth prong of the *Gordon & Breach* test. Thus, he correctly found, Phreesia failed to state a *prima facie* claim for false advertising under the Lanham Act. *See* D.I. 93; D.I. 39 at IV, V.A, V.A.1.

When evaluating whether a motion to dismiss is appropriate, courts conduct a two-part analysis. *See* D.I. 39 at IV. First, "the factual and legal elements of a claim should be separated."

*Id.* Although the court must accept all "well-pleaded facts" as true, it "may disregard any legal conclusions." *Id.* Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* The court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false. *Id.* The plausibility determination is context-specific, requiring the court "to draw on its judicial experience and common sense." *Id.* To state a Lanham Act false advertising claim, a plaintiff must allege use of a "commercial advertising or promotion." *Id.* at V.A. As the Court correctly held, the fourth prong of the *Gordon & Breach* test asks whether the alleged misrepresentation (here, the Chart) was "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry, and the "touchstone" of that inquiry is whether the contested representations are "part of an organized campaign to penetrate the relevant market." *Id.*

Judge Burke properly drew on his judicial experience and common sense when looking at the "bare-bones" nature of the FAC's allegations and followed applicable law by disregarding bald assertions, unsupported conclusions, and unwarranted inferences. D.I. 93. In particular, the Court correctly found that the FAC only makes clear, specific enough allegations that the Chart was disseminated to two entities (to a "large healthcare provider" in June 2024 and to a "large hospital system" in September 2024), and discredited Plaintiff's vague allegations that the Chart was circulated to "third party partners and directly to customers" in January and February 2024 given that there was "absolutely no factual embellishment or specificity included regarding those alleged acts." D.I. 93. Moreover, as noted in Luma's briefing, even if those vague allegations were to have been credited, there are still insufficient facts pled to show how Luma's mere sharing of the Chart with, at most, two other third parties, without any other alleged facts or

context, could constitute any type of "organized campaign" to disseminate the Chart to the "relevant purchasing public." *See* D.I. 39 at 7-8; D.I. 42 ("Reply") at 3-5. Judge Burke also properly observed that the FAC "nowhere" set out what the "relevant market" was. D.I. 93. And although the FAC did not indicate "how many entities/customers/potential customers might be part of that market," Judge Burke reasonably inferred that since the parties were alleged to serve "healthcare organizations" involved with "patient intake," that the relevant market might be "pretty large." *See id.*; *see also* D.I. 42 at 4 (noting Phreesia conceded FAC alleges relevant market as large healthcare organizations, which would be expected to be in the thousands).

Contrary to Plaintiff's Objections, Judge Burke made no "premature factual findings," nor did Judge Burke fail to credit the FAC's factual allegations. Rather, Judge Burke properly applied the standard of review on a Rule 12(b)(6) motion to dismiss to determine that the well-pleaded facts of the FAC alleged, at best, that the Chart "was sent to two entities who appear to be part of a very large market of customers/ potential customers, over a period of several months." D.I. 93. Judge Burke then correctly concluded that the applicable caselaw indicates that these allegations are "clearly insufficient to amount to the type of 'dissemination' or 'organized campaign' needed" to state a Lanham Act false advertising claim. *Id.* (citing cases).

In its Objections, Plaintiff tries to discredit Judge Burke's review of the FAC by embellishing its threadbare allegations with new conclusory attorney arguments. *See, e.g.*, D.I. 97 at 5 (arguing FAC alleged Luma "targeted distribution to decisionmakers" at large healthcare institutions, "coupled with contemporaneous dissemination to partners and customers over at least nine months"); *id.* (arguing FAC alleged Luma disseminated Chart through "sustained multi-channel dissemination" to "multiple categories of purchasers and influencers over time" and that "those materials spread like wildfire through the sub-organizations that comprise it").

At the outset, such new arguments should not be considered. *Compare, id. with* D.I. 41 ("Answering Brief"). An objection a report and recommendation "is not the place to be making new arguments" and Plaintiff did not even attempt to show good cause to do so in its certification. *See FinancialApps, LLC v. Envestnet, Inc.*, C.A. No. 19-1337-JLH-CJB, 2024 WL 4306177, at *1 n.1 (D. Del. Sept. 26, 2024) (citation omitted); D.I. 97-2. And even if the Court were to consider these new arguments, a plain reading of the FAC reflects no such allegations, let alone any that are well-pled or non-conclusory. *See generally* FAC.

Second, Phreesia appears to take issue with Judge Burke's reliance on the cases cited in the R&R, including that it is inappropriate to rule on the sufficiency of pleading "dissemination" on a motion to dismiss. D.I. 97 at 7. However, this argument flies in the face of numerous decisions[1] (including in this District) on the precise issue of whether "dissemination" had been sufficiently pled in the context of a Rule 12(b)(6) motion. *See* D.I. 93 (citing cases); D.I. 39 at 7-9; D.I. 42 at 5-6. Phreesia cites no Third Circuit precedent precluding Judge Burke from making such a determination, nor is Luma aware of any.

Nor did Judge Burke err in his analysis or application of the caselaw. *See id.* For example, Plaintiff critiques the R&R by pointing to *Shure Inc. v. Clearone, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294 (D. Del. June 1, 2020). *See* D.I. 97 at 5-6. But in *Shure*, Judge Burke found an organized campaign sufficiently pled as plaintiff had alleged with more

---

[1] *See, e.g.*, D.I. 39 at 7, 8, citing *Cooper v. Bellasalma*, C.A. No. 24-832-MN, 2025 WL 1397004 (D. Del. May 14, 2025) (granting motion to dismiss); *Cronin v. Bergmann*, No. CIV.A. 14-4663, 2014 WL 5285930, at *3 (E.D. Pa. Oct. 16, 2014) (same); *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, C.A. No. 21-786-SB, 2022 WL 911253 (D. Del. Mar. 28, 2022) (same); *Guardian Life Ins. Co. of Am. v. Am. Guardian Life Assurance Co.*, No. 95-3997, 1995 WL 723186, at *3 (E.D. Pa. Nov. 14, 1995) (same); *Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*, No. 18 CIV. 04208 (ER), 2019 WL 498303, at *4-5 (S.D.N.Y. Feb. 8, 2019) (same); *Navatar Grp., Inc. v. DealCloud, Inc.*, No. 21-CV-1255 (SHS), 2023 WL 1797266, at *3 (S.D.N.Y. Feb. 7, 2023) (same); *Meredith Lodging LLC v. Vacasa LLC*, No. 6:21-CV-326-MC, 2021 WL 5316986, at *2 (D. Or. Nov. 15, 2021) (same); *see also* D.I. 42 at 4-5.

particularity how defendant's regional sales manager made false statements to more than a dozen of plaintiff's customers, installers, and integrators regarding the ongoing litigation to make them refrain from purchasing plaintiff's products. *Shure*, 2020 WL 2839294, at *6. Judge Burke aptly did not find the same sufficiency of pleading here with Phreesia's FAC.

Finally, Phreesia repeatedly attempts to excuse its pleading failures on its purported inability to obtain discovery. D.I. 97 at 3, 7, 8. However, Judge Burke appears to have properly disregarded these meritless[2] and immaterial discovery-related complaints. *See generally* D.I. 93-95 (making no reference in R&R as to Plaintiff's purported inability to obtain discovery); D.I. 42 at I, citing cases, including *Second Baptist Church of Leechburg v. Gilpin Twp, Pa.*, 118 F. App'x 615, 618 (3d Cir. 2004); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Moreover, Phreesia's criticism is unwarranted given that Judge Burke has had the benefit of being familiar with the case schedule, progress of discovery, and the discovery disputes to date. *See* D.I. 93 ("Plaintiff has had the benefit of discovery in the interval, and if it is ever going to be in a position to do better with its allegations, it should be able to do that now."); D.I. 94 ("[I]n the interval since the FAC was filed, much time has passed and discovery has proceeded in this case."); D.I. 95 (noting "discovery has been ongoing").

## III. Judge Burke Correctly Concluded that the FAC Fails to State a DUDTPA Claim

With respect to Count II, Phreesia does not object to the portion of the R&R where Judge Burke held that the DUDTPA, "redresses ongoing practices, not past wrongs. So relief under the statute is dependent on [a plaintiff's] entitlement to injunctive relief…To show that entitlement, [a plaintiff] must plead facts that create a reasonable apprehension of a future wrong." *See* D.I.

---

[2] Phreesia claims it has "diligently pursued discovery" and that Luma has "stonewalled" or otherwise "obstruct[ed]" its discovery efforts. D.I. 97 at 2, 3. These statements mischaracterize the discovery done to date and are unsupported by the record. *See* D.I. 71 ¶ 2; D.I. 83 at I.

95, citing *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, C.A. No. 21-786-SB, 2022 WL 911253, at *6 (D. Del. Mar. 28, 2022). Judge Burke correctly determined that the FAC pleads facts reflecting only *past* conduct and did not plead sufficient facts to show any ongoing or future conduct to support a reasonable apprehension of a future wrong.

Phreesia's attempts to undermine this portion of the Court's R&R are new, unpersuasive, and should be rejected. Again, as an initial matter, the Court need not consider new arguments improperly raised here for the first time. *See, e.g.*, *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014). Phreesia did not address *Registered Agent Sols*. in the relevant portion of its Answering Brief. *Compare* D.I. 39 at V.B *with* D.I. 41 at IV. 3 and D.I. 42 at V. Judge Burke correctly noted this in the R&R. *See* D.I. 95 ("In the relevant portion of its answering brief, Plaintiff did not clearly rebut Defendant's challenge here, nor did Plaintiff clearly explain why the FAC speaks to ongoing conduct." D.I. 95. Also, Phreesia here too again seeks to improperly inject new conclusory allegations (nowhere in the FAC) through attorney argument. *Compare* D.I. 97 at 10 (arguing FAC alleges "sustained dissemination alleged across at least January-September 2024" to "multiple categories of purchasers and partners" "within an active sales cycle") *with* FAC and D.I. 41 *generally*.

Even if the Court considers these arguments, they nonetheless should be rejected. First, Plaintiff tries to distinguish *Registered Agent Sols.* because there the operative complaint "put an end date" on the alleged offending conduct. *See* D.I. 97 at 9. But this was merely an additional allegation noted by that Court to further support its finding that the wrongdoing otherwise had been alleged to have been "in the past" based on the use of past tense throughout the complaint. *See Registered Agent Sols.*, 2022 WL 911253, at *6. Here, Phreesia, at best, has alleged facts concerning only pre-suit conduct; there are no other well-pled facts suggesting any ongoing or

future conduct. *See* D.I. 95 ("The FAC was filed in June 2025, but the last clear alleged assertion of false advertising made therein said to have occurred nine months earlier, in September 2024….and crucially, in Count II itself, all of the descriptions of the conduct at issue are of conduct that is said to have occurred in the past, not conduct that is said to be ongoing.") (citing Plaintiff's specific use of past tense in FAC and Count II). And while Phreesia seeks to downplay its "use of the past tense" (*see* D.I. 97 at 9),"[i]n law, one thing is paramount above all others: words matter." *PACT XPP Schweiz AG, v. Intel Corp*., C.A. No. 19-1006-JDW, 2024 WL 3552521, at *1 (D. Del. July 26, 2024), *appeal dismissed*, No. 2025-1003, 2025 WL 340037 (Fed. Cir. Jan. 30, 2025).

Second, Plaintiff attempts to undermine Judge Burke's application of *Registered Agent Sols.* by arguing that the Court in that case applied the heightened pleading standard of Fed. R. Civ. P. 9(b) in dismissing the DUDTPA claim. *See* D.I. 97 at 8-9. This is incorrect. That Court applied a heightened pleading standard only for the California unfair competition law claims, not the DUDTPA claim. *See Registered Agent Sols.*, 2022 WL 911253, at *5. Regardless, Judge Burke expressly evaluated Plaintiff's DUDTPA claim under Rule 8 and still concluded it was insufficiently pled. *See* D.I. 95 ("And the Court can't credit conclusory language in assessing whether a plaintiff has defeated a motion to dismiss filed pursuant to Rule 8."), citing *Robinson v. Fam. Dollar Inc*., 679 F. App'x 126, 131-32 (3d Cir. 2017) (affirming Rule 12(b)(6) dismissal in accordance with pleading requirements outlined in *Twombly* and *Iqbal* for Rule 8.

Finally, Plaintiff's argument—that the Court should "give additional credit" to the holding of *N. Atl. Imports, LLC v. Loco-Crazy Good Cookers, Inc*., C.A. No. 23-999-GBW-SRF, 2024 WL 245955, at *1-3 (D. Del. Jan. 23, 2024)—is misplaced. *See* D.I 97 at 10. To the extent the Court is inclined to further rely on the holding of *N. Atl. Imports*, it should be to clearly distinguish it

from the insufficient allegations here. In *N. Atl. Imports*, the Court found that ongoing deceptive conduct had been sufficiently alleged to support a DUDTPA claim. There, the plaintiff had alleged how defendant directly competed with plaintiff by marketing and selling its outdoor cooking griddles to the public at the same stores such as Home Depot and Lowe's, falsely advertising its "patented" technology when no such patent existed. *See id.* at *5 (noting complaint expressly alleged that defendant "continues to deceive the public with its false marking and false advertising, continuing to market its products as containing 'patented' SmartTemp technology," even after receiving plaintiff's cease-and-desist letter). Phreesia has not alleged any such ongoing advertising or consumer goods sold to the public. *See* D.I. 42 at 7-8. Accordingly, Judge Burke correctly recognized that Phreesia failed to allege factual support for its conclusory allegations that the purported false advertising by Luma was continuing. D.I. 95 (noting FAC's "brief reference to how 'Defendant's false advertising continues and is causing irreparable harm'" "does so only using conclusory language—without including any facts to back up such conclusions.") In sum, consistent with *Iqbal*, *Twombly*, and Third Circuit law, Judge Burke correctly noted the elements of the DUDTPA claim, disregarded Plaintiff's conclusory assertions, and considered what remained of the FAC's well-pleaded factual allegations to find no plausible entitlement of relief under the DUDTPA. D.I. 95. Thus, Phreesia's objections with respect to Count II should be overruled.

The R&R recommends that Phreesia be given an opportunity to amend in order "to fix this issue with Count II." D.I. 95. Although Luma contends amendment would be futile (*see* D.I. 42 at V), if Phreesia has a Rule 11 basis to add non-conclusory allegations regarding any purported ongoing use by Luma of the Chart, it has been given an opportunity to do so.

## IV. The Court Should Deny Phreesia's Request for Thirty (30) Days After Completion of Discovery to File an Amended Pleading

Finally, Phreesia interposes a request that this Court grant it leave of "at least thirty (30) days after Phreesia and NextGen complete their productions to file a Second Amended Complaint." D.I. 97 at 8, 10. There is no good cause for such a request, and it should be denied. First, any purported discovery matters raised by Phreesia are immaterial and should be disregarded when evaluating whether it can plead a legally sufficient complaint. *See* Part III *supra*; D.I. 42 at II. Judge Burke also already accounted for the discovery conducted to date in recommending ten (10) days from this Court's order. *See id*. And by the time the Court enters its Order, Phreesia will have already had over a month to consider what to include in an amended pleading. Second, this procedurally improper request is effectively an attempt to end-run around the Court's scheduling order and Rule 16, and Plaintiff has not shown good cause. *See Scott* v. *Vantage Corp*., 336 F. Supp. 3d 366, 371-72 (D. Del. 2018), *aff'd*, 845 F. App'x 170 (3d Cir. 2021) (Third Circuit requires a showing of "good cause" in order to amend after pleading deadline has passed). The June 2, 2025 deadline to amend pleadings has long passed, and Luma's motion to dismiss—which apprised Plaintiff of the grounds for dismissal—was filed on June 24, 2025. D.I. 21 at ¶ 2; D.I. 39. Phreesia presents no reason to reject Judge Burke's recommendation, let alone any "good cause," to allow it to have such a prolonged, uncertain, and open-ended deadline to amend its pleading.

## V. Conclusion

For the foregoing reasons, Luma requests that the Court overrule the Objections and that the Court adopt Judge Burke's R&R (D.I. 93-95) in full, dismissing Counts I and II of the FAC, and order any amended pleading be filed within ten (10) days of the Court's Order.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Tyler C. Cragg (#6398)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
tcragg@potteranderson.com
mdang@potteranderson.com

*Attorneys for Defendant Luma Health, Inc.*

OF COUNSEL:

Ryan Marton
Phillip Haack
Songmee Connolly
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: (415) 360-2515

Dated: February 27, 2026
12776070 / 24585.00001