**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHREESIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1168-JLH-CJB |
| | ) | |
| LUMA HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 25th day of March 2026:

WHEREAS, on June 2, 2025, Plaintiff Phreesia, Inc. ("Phreesia") filed its First Amended Complaint ("FAC") against Defendant Luma Health, Inc. ("Luma") asserting one count of false advertising under the Lanham Act (15 U.S.C. § 1125(a)) and another count of unfair competition in violation of the Delaware Uniform Deceptive Trade Practices Act (6 Del. C. § 2532) (D.I. 36);

WHEREAS, on June 24, 2025, Luma filed a Motion to Dismiss the FAC for Failure to State a Claim (D.I. 38);

WHEREAS, on January 22–23, 2026, Magistrate Judge Christopher J. Burke issued a three-part Report and Recommendation ("R&R"), which recommended that the Court dismiss both counts and grant leave to amend to remedy the deficiencies (D.I. 93–95);

WHEREAS, on February 13, 2026, Phreesia filed objections to the R&R (D.I. 97), and on February 27, 2026, Luma filed a response (D.I. 98);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3);[1]

---

[1] The parties do not dispute evaluating Luma's motion under Rule 8.

WHEREAS, the Court agrees with the R&R that, for the false advertising claim, the FAC fails to plausibly plead that Luma's false advertising materials were "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry," *Reybold Grp. of Cos., Inc. v. Does 1–20*, 323 F.R.D. 205, 210 (D. Del. 2017),[2] because the FAC only specifically alleges that Luma plausibly disseminated a comparison chart containing false information to two entities, which is insufficient to constitute sufficient "dissemination" or an "organized campaign," (*see* FAC ¶¶ 18, 20);[3]

---

[2] The parties do not dispute that the "*Gordon & Breach*" test is relevant for assessing Phreesia's false advertising claim.  Under that test, for a representation to constitute "commercial advertising or promotion" under the Lanham Act, it must, among other things, be "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Reybold*, 323 F.R.D. at 210; *see also Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535–36 (S.D.N.Y. 1994) ("*Gordon & Breach*").  "The 'touchstone' of whether a defendant's statements amount to the requisite commercial advertising or promotion is 'that the contested representations are part of an organized campaign to penetrate the relevant market.'" *Shure Inc. v. Clearone, Inc.*, No. 19-1343-RGA-CJB, 2020 WL 2839294, at *6 (D. Del. June 1, 2020) (citing cases).

[3] The FAC alleges that: (1) Luma circulated a slide deck containing the chart "to its third party partners and directly to customers in January 2024 and February 2024"; (2) sent the chart to "a large healthcare provider" on June 13, 2024; (3) "multiple other healthcare organizations also received the same false and misleading materials"; and (4) "[Luma's] sales personnel had distributed [the] chart" to a "large hospital system" in September 2024.  (FAC ¶¶ 17–20.)  This Court agrees with the R&R that these allegations do not plausibly suggest sufficient dissemination or an organized campaign, consistent with relevant and cited caselaw. *Shure*, 2020 WL 2839294, at *6–7 (concluding there were plausible allegations of an organized campaign to "more than a dozen" customers); *Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*, No. 18-4208, 2019 WL 498303, at *4–5 (S.D.N.Y. Feb. 8, 2019) (concluding insufficient dissemination based on "two messages to a single customer and a third message to another unnamed customer," alongside a "naked assertion" of unspecified "similar messages to other customers"); *Navatar Grp., Inc. v. DealCloud, Inc.*, No. 21-1255, 2023 WL 1797266, at *2–3 (S.D.N.Y. Feb. 7, 2023) (similar).
Phreesia further asserts the R&R improperly cited to "unreported, non-jurisdictional cases" (D.I. 97 at 6).  But those cases applied the standard set forth in *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48 (2d Cir. 2002), which adopted at least the relevant dissemination requirement articulated in *Gordon & Breach*.  *See Fashion Boutique*, 314 F.3d at 58.

WHEREAS, the Court agrees with the R&R that, for the unfair competition claim, the FAC fails to allege facts that "create a reasonable apprehension of a future wrong," *see Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 21-786-SB, 2022 WL 911253, at *6 (D. Del. Mar. 28, 2022) (citing cases), and therefore does not state a plausible claim for relief under the Delaware Uniform Deceptive Trade Practices Act (*see* FAC ¶¶ 36, 39, 42);[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections (D.I. 97) are OVERRULED, the R&R is ADOPTED-IN-PART insofar as it recommends dismissal on the above grounds (*see* D.I. 93, 95), Defendant's Motion to Dismiss (D.I. 38) is GRANTED, and Plaintiff's FAC (D.I. 36) is DISMISSED.  Plaintiff is granted leave to amend its pleading within 14 days of this Order.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[4] Phreesia argues that the R&R's recommendation for dismissal of this claim was "based on Phreesia's use of the past tense . . . buttressed by [Judge Burke's] refusal to credit Phreesia's 'brief reference' to continuing and irreparable harm because the language was conclusory." (D.I. 97 at 8–9 (citing R&R) (internal footnotes omitted).)  This Court disagrees.  Judge Burke recommended dismissal because the FAC failed to allege facts plausibly suggesting "a reasonable apprehension of a future wrong"—the FAC alleges facts only concerning pre-suit conduct except for a single conclusory sentence in Paragraph 3.  *See Robinson v. Family Dollar Inc.*, 679 F. App'x 126, 131–32 (3d Cir. 2017).  And unlike the operative complaint in *N. Atl. Imps., LLC v. Loco-Crazy Good Cookers, Inc.*, No. 23-999-GBW-SRF, 2024 WL 245955, at *5 (D. Del. Jan. 23, 2024), *report and recommendation adopted*, 2024 WL 3342309 (D. Del. Apr. 15, 2024), the FAC does not plausibly suggest any continuing false advertising or marketing by Luma beyond the conclusory assertion.